UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TUMBLEWEED PROPERTIES, INC.                                    CIVIL ACTION

VERSUS                                                         NO. 07-9187

COLONY INSURANCE COMPANY                                       SECTION "N" (1)

# O R D E R and R E A S O N S

Before the Court are a number of motions in limine, all of which are opposed. After considering the memoranda and the applicable law, the Court rules as set forth herein.

**A. Motion to Exclude Testimony of Dennis Lambert (Rec. Doc. 17)**

Defendant moves to exclude the testimony of Plaintiff's expert, Dennis Lambert, on grounds that it is irrelevant and unreliable within the meaning of Federal Rules of Evidence 402 and 702. Defendant points to two alleged deficiencies in Mr. Lambert's report: (1) the report at one point refers to the building in question as having five stories, when the building in question is a one-story building with five sections and (2) uses standards developed by the Applied Technology Council ("ACT-45") that are not applicable to evaluating specific building components in insurance coverage disputes.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. Rule 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact

> to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. The United States Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc*., 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp*., 394 F.3d 320, 325 (5th Cir. 2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed.Appx. 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining 'how to test an expert's reliability.'" (citing *Kumho Tire*, 526 U.S. at 152)). With respect to the determination of relevancy pursuant to Rule 702 and *Daubert*, the proposed expert

testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

In this case, the Court's preliminary assessment is that Mr. Lambert's testimony is reliable and may assist the trier of fact. While it is clear that at one point in his report Mr. Lambert erroneously refers to the building as having five stories, with the top three being uninhabitable due to damage, elsewhere in the report he correctly notes that the building has five sections. Additionally, Defendant has made no more than bare assertions that the ACT-45 standard is unreliable or improperly applied in this instance, and on its face the method appears relevant and reliable. Defendant can cross-examine Mr. Lambert vigorously on both these points. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). But given his undisputed qualifications as a civil engineer and the facial reliability of his method the Court is unwilling to exclude Mr. Lambert's testimony, and accordingly the motion is **DENIED**.

**B. Motion to Exclude Testimony of Steve Owens (Rec. Doc. 16)**

As to the testimony of Plaintiff's expert Steve Owens, however, the Court reaches a different conclusion. Defendant objects to Mr. Owens's testimony on Rules 402 and 702 grounds. While Owens opines in his report that "wind driven water can penetrate through seemingly solid exteriors, damaging interiors, with no easily apparent source," Owens Report at 1 (Rec. Doc. 47 at Ex. A), and concludes that uplift of the roof occurred in this instance, he

3

provides no documentation of the method he used to arrive at that conclusion and no indication of how, by training or experience, he is competent to offer expert opinions about roof uplift and other causation issues. His report is nothing more than a calculation of the cost of repairing the building in question. His testimony will be admitted for the purpose of showing cost of repair to the extent that he has personal knowledge of damages, but he will not be permitted to testify in any way as to causation and he is not qualified as an expert. Accordingly, the motion is **GRANTED IN PART AND DENIED IN PART**.

**C. Motion to Exclude Evidence of Lost Rental Income and/or Loss of Enhanced Property Value (Rec. Doc. 18)**

Defendant moves to exclude evidence of lost rental income and lost property value enhancement, on grounds that these categories of damages were not adequately pleaded in the complaint and that Defendant has not had adequate notice of these claims. The state court complaint in this matter pleaded "lost business income," which is inclusive of lost rental income and more than meets the notice pleading requirements of the Federal Rules. *See* Compl. At ¶¶ IX-X. Accordingly, to this extent the motion is **DENIED**.

However, Plaintiff has pointed to nothing in the pleadings that puts Defendant on notice of a claim for lost enhancement of property value. The Court is unclear precisely what such a claim would look like, since to the extent the Plaintiff is claiming that Defendant failed to pay under the contract of insurance this is simply a claim for damages for breach, while to the extent the Plaintiff is claiming the loss of expected renovations by its tenant this claim may be subsumed under a loss of business income claim. In any event, the Court cannot adequately consider the admissibility of evidence of "lost property value enhancement" outside of specific

4

factual contexts and accordingly to this extent the motion is **REFERRED TO TRIAL**.

**D. Motion in Limine to Exclude Kevin Vanderbrook and VECO Consulting (Rec. Doc. 34)**

Plaintiff moves to exclude the expert testimony of Kevin Vanderbrook on Rule 702 grounds. Plaintiff's argument amounts to a charge that Vanderbrook and his firm are a "defendant's firm" and that Vanderbrook drew conlcusions in his report that are unsupported by the evidence. There is no charge, however, that his method is unreliable, but simply that Plaintiff disagrees with his conclusions. Plaintiff can develop issues related to Mr. Vanderbrook's possible bias (limited, of course, by the appropriate rules regarding admissibility of extrinsic evidence) and can vigorously dispute Mr. Vanderbrook's conclusions. But the motion to exclude his testimony is **DENIED**.

**E. Motion To Allow Evidence of Spoliation of Evidence (Rec. Doc. 43)**

Plaintiff moves to be allowed to introduce evidence of spoliation of evidence by Defendant. Specifically, Plaintiff avers that Defendant's adjustor took numerous photographs of damage that were not included in the claims file, that Defendant's representatives had numerous conversations concerning loss of business income but that Defendant claims to have no notice of such claims, and that Defendant chose a "defendant's firm" to serve as expert witness in this case. Concludes Plaintiff:

> Taken as one isolated fact, the exclusion of the photographs would be something that was worthy of mention in cross-examination (missing or sloppy documentation from an adjuster would go to his witness credibility in any event). Here, however, the entirety of the circumstances point toward a conclusion that defendant and defendant's agents made extraordinary efforts to minimize plaintiff's wind and rain damage claim, from the use of rank speculation instead of scientific method by the Colony engineer, to the withholding of information—or the destruction of information—necessary for plaintiff to prove its claim of wind and rain damage.

Mot. at 4-5.

An adverse inference based on the destruction of potential evidence is predicated on the "bad conduct" of the defendant. *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) (citing *Vick v. Texas Employment Comm.*, 514 F.2d 734, 737 (5th Cir. 1975)). Therefore, Plaintiff must show that Defendant acted in "bad faith" to establish that it was entitled to an adverse inference. *Vick*, 514 F.2d at 737. Plaintiff has not made that showing, especially as regards the vague assertion that the "entirety of the circumstances" shows bad conduct. Especially relevant in this regard is the fact that Plaintiff never moved to compel the production of these allegedly extant photographs, which the Court would understand to be an important preliminary step before leveling a serious and frankly inflammatory accusation of spoliation. Plaintiff may cross-examine Defendant's witnesses as to the existence of other photographs showing damage at the site in question if the relevance of this testimony to any claim or defense in this case can be established. But the instant motion is **DENIED**. Plaintiff is cautioned that any statement to the jury, either by counsel or by its witnesses, improperly suggesting that Defendant may have purposefully destroyed unfavorable evidence will be met with the most severe consequences by the Court.

**F. Motion to Strike Pretrial Order Portions (Rec. Doc. 36)**

Defendant moves to strike certain portions of the pre-trial order, specifically (1) Plaintiff's allegations of spoliation of evidence, (2) Plaintiff's allegations concerning the invalidity of Defendant's expert Kevin Vanderbrook, and (3) a paragraph inserted by Plaintiff, allegedly without Defendant's knowledge, regarding spoliation and the date the claims file was produced to Plaintiff. Considering the Court's foregoing rulings, the motion is **GRANTED**.

In conclusion and considering the foregoing, **IT IS ORDERED** that

(1) the Motion to Exclude Testimony of Steve Owens (Rec. Doc. 16) is **GRANTED IN PART AND DENIED IN PART**, and Owens' testimony will be limited as set forth herein;

(2) the Motion to Exclude Testimony of Dennis Lambert (Rec. Doc. 17) is **DENIED**;

(3) the Motion to Exclude Evidence of Lost Rental Income and/or Loss of Enhanced Property Value (Rec. Doc. 18) is **DENIED IN PART AND REFERRED TO TRIAL IN PART**;

(4) the Motion To Allow Evidence of Spoliation of Evidence (Rec. Doc. 43) is **DENIED**;

(5) the Motion to Strike Pretrial Order Portions (Rec. Doc. 36) is **GRANTED**; and

(6) all outstanding Motions to Expedite (Rec. Docs. 21, 23, 25, and 37) are **DENIED AS MOOT**.

New Orleans, Louisiana, this 4th day of June, 2009.

_____
**KURT D. ENGELHARDT**
**United States District Judge**